UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES on behalf of and for the use and benefit of CAROLINA ARCHITECTURAL PRODUCTS, INC., a North Carolina Corporation.<br><br>Plaintiff<br><br>v.<br><br>LEEBCOR SERVICES, LLC, a Virginia Limited Liability Company, and THE CINCINNATI INSURANCE COMPANY<br><br>Defendants | Case No. 5:22-cv-00027<br><br>COMPLAINT AND JURY DEMAND |

NOW COMES Plaintiff, Carolina Architectural Products, Inc. ("CAP"), complaining of Defendants Leebcor Services, LLC ("Leebcor"), and The Cincinnati Insurance Company ("Cincinnati") (collectively, "Defendants"), and alleges and says as follows:

## THE PARTIES

1. Plaintiff is a North Carolina corporation with a principal place of business at 648 Kannapolis Parkway, Concord, North Carolina.

2. Upon information and belief, Leebcor is a Virginia limited liability company with a principal place of business at 430 McLaws Circle, Suite 201, Williamsburg, Virginia.

3. Upon information and belief, Cincinnati is an Ohio corporation with a principal place of business in Cincinnati, Ohio, and has been authorized by the North Carolina Department of Insurance to issue Payment and Performance Bonds within the State of North Carolina in connection with public construction projects.

## JURISDICTION AND VENUE

4. The Court has jurisdiction as to Count III pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.*, since this is the district in which the contract was performed and in which the project was located. The Court has supplemental jurisdiction as to Counts I and II pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 40 U.S.C. § 3133 since the work performed by CAP for which it seeks to recover under the Miller Act was performed on a federal government construction project located on the Fort Bragg Military Base, which is located in the Eastern District of North Carolina. In addition, venue is proper under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of North Carolina.

6. All conditions precedent to filing this action have been performed or have occurred, including, but not limited to, that the filing of this action is prior to the expiration of any applicable deadlines, statutes of limitations, and/or statutes of repose.

## FACTUAL BACKGROUND

7. Upon information and belief, Leebcor entered into a contract with the United States Army Corps of Engineers, Wilmington District ("USACE") (the "Prime Contract") for the construction a project known as the SOF STS Special Tactics, Fort Bragg, Cumberland County, North Carolina (the "Project").

8. Upon information and belief, on or about June 8, 2018, pursuant to the terms of the Prime Contract, Leebcor, as principal, and Cincinnati, as surety, executed and delivered to the United States their bond, conditioned as required by the Miller Act for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the principal contract.

9. On or about October 1, 2019, Leebcor entered into a written subcontract with CAP (the "Subcontract") for certain labor, materials, and equipment related to the fabrication and installation of Kalwall translucent panel system at the Project (the "Work").

10. In December 2019, Leebcor issued a change order to CAP revising the panel sizes for the Project.

11. On June 19, 2020, an additional change order, with additional modifications to address revised drawings and the stand-off distances for the panels was issued.

12. Thereafter, on October 27, 2020, Leebcor confirmed the new panel sizes and instructed CAP to release the production of the Kalwall translucent panel system (the "System").

13. The System is a custom fabrication for the Project and cannot be used for other projects.

14. On or about January 20, 2021, CAP delivered the System to the Project, as required by the Subcontract.

15. Subsequently, CAP was informed by Leebcor that the Project was on hold and that CAP's Work was not approved to proceed.

16. Since January 20, 2021, Leebcor has improperly held the System on site, while simultaneously failing and refusing to pay CAP for the same.

17. CAP has properly invoiced Leebcor for the System.

18. Upon information and belief, Leebcor received certain changes from USCAE related to Leebcor's scope, and Leebcor has improperly withheld payment to CAP for its Work on the Project as a result.

19. Leebcor is obligated under the Subcontract to pay CAP for the System regardless of whether it has been paid by USCAE for the same.

20. Pursuant to the Subcontract, CAP timely notified Leebcor about the damages it has incurred as a result of Leebcor's improper withholding of payment.

21. Despite repeated demands from CAP, Leebcor has failed and refused, without defense or justification, to pay the $50,879.00 due and owing CAP.

## COUNT I
### (Breach of Contract Against Leebcor)

22. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

23. CAP had a valid and binding Subcontract with Leebcor.

24. CAP properly and timely performed its Work and supplied labor, materials, and equipment to the Project pursuant to the Subcontract.

25. CAP properly invoiced Leebcor for the labor, materials, and equipment it supplied to the Project pursuant to the Subcontract. Additionally, Leebcor requested and directed CAP to perform additional and changed work, which CAP did perform and for which it has invoiced Leebcor.

26. Despite repeated demands from CAP, Leebcor has failed and refused, without defense or justification, to pay all amounts due and owing to CAP under the Subcontract.

27. In total, Leebcor has failed to pay for invoices due and owing in the amount of $50,879.00.

28. Leebcor has breached the Subcontract with CAP by, among other things, failing to pay all amounts due and owing to CAP.

29. All conditions precedent to CAP's entitlement to recover for Leebcor's breaches of the Subcontract have occurred or have been waived or excused.

30. Therefore, CAP is entitled to Judgment against Leebcor in the amount of $50,879.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law.

31. CAP is also entitled to recover from Leebcor the cost of this action, including its reasonable attorneys' fees, to the extent allowed by law.

## COUNT II
### (In the Alternative to Count I, *Quantum Meruit* Against Leebcor)

32. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference.

33. Leebcor requested and induced CAP to perform work and supply labor, materials, and equipment to the Project, and promised CAP that it would pay for such work, labor, materials, and equipment.

34. CAP provided labor, materials, and equipment to Leebcor for improvement of the Project.

35. CAP reasonably expected to be paid for the labor, materials, and equipment it provided for improvement of the Project at Leebcor's request.

36. Leebcor and voluntarily received and accepted the labor, materials, and equipment that CAP supplied to the Project as alleged herein, the unpaid amount of which is $50,879.00.

37. Leebcor knew that CAP expected to be paid for its services, labor, materials, and equipment provided, including for the items of work representing the unpaid amount owing.

38. As a result of Leebcor's failure to fulfill its promise to CAP, CAP has suffered damages of at least $50,879.00.

39. Allowing Leebcor to keep the benefit of the services, labor, materials, and equipment provided by CAP without payment would result in unjust enrichment of Leebcor.

40. All conditions precedent to CAP's entitlement to recovery have been met, have occurred, or have been waived or excused.

41. Therefore, CAP is entitled to Judgment against Leebcor in the amount of $50,879.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law.

42. CAP is also entitled to recover from Leebcor the cost of this action, including its reasonable attorneys' fees, to the extent allowed by law.

## COUNT III
**(Violation of Prompt Payment Act against Leebcor)**

43. The allegations in the preceding paragraphs are re-alleged and incorporated herein by reference.

44. Pursuant to the Subcontract, CAP supplied labor, equipment, and materials to the Property.

45. CAP timely and properly performed its obligations under the Subcontract with Leebcor and all conditions precedent to payment have been met or have occurred.

46. Upon information and belief, Leebcor invoiced USCAE for the full amount of work and materials provided by CAP for which CAP is owed payment.

47. In the event that USCAE has paid Leebcor in full for the work performed by Plaintiff, pursuant to The Prompt Payment Act, 31 U.S.C. §§ 3901, *et. seq.*, Leebcor owed CAP a duty to pay CAP in full for CAP's work and materials for which Leebcor had received payment from USCAE within seven (7) days after Leebcor received payment from USCAE.

48. Upon information and belief, Leebcor failed to remit payment to CAP within seven (7) days of Leebcor's receipt of payment from USCAE. Accordingly, pursuant to The Prompt Payment Act, 31 U.S.C. §§ 3901, *et. seq.*, Leebcor owes CAP penalties and interest on the funds

owed to CAP, beginning on the eighth day after Leebcor received payment from USCAE, at such rates allowed by law until paid.

## COUNT IV
### (Claim against Defendants on the Payment Bond)

49. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference.

50. Cincinnati, as surety, and Leebcor, as principal, executed a Payment Bond (Bond No. B3239131) for the Project (the "Payment Bond"), a copy of which is attached hereto as **Exhibit A**.

51. Pursuant to the terms of the Payment Bond, Cincinnati agreed, along with their heirs, executors, administrators, and successors, jointly and severally, including, but not limited to, Leebcor, to promptly make payment to all persons having a direct relationship with Leebcor or a subcontractor of Leebcor for furnishing labor, materials, or both, in prosecution of the work provided for in the Prime Contract.

52. Leebcor as Principal, and Cincinnati, as Surety, bound themselves, jointly and severally, to ensure the payment of the claims of persons such as CAP furnishing the labor, materials, and equipment in construction of the Project, pursuant to the Payment Bond.

53. CAP is a subcontractor that has supplied labor, materials, and equipment to the Project at the direction of, and pursuant to an agreement with, Leebcor and has not been paid for the work it performed or for sums due by Leebcor under the parties' Subcontract.

54. Leebcor and USACE benefitted from and used the labor, materials, equipment, and services of CAP in constructing the Project.

55. As of the date of the filing of this Complaint, Defendants are jointly and severally liable to CAP in the amount of $50,879.00, plus interest as allowed by law, and including interest owed by Leebcor to CAP pursuant to the Payment Bond.

56. All conditions precedent to CAP's entitlement to recovery have been met, have occurred, or have been waived or excused.

57. Prior to bringing this lawsuit, CAP satisfied all conditions precedent required by the Payment Bond.

58. CAP is a direct, intended beneficiary, and a proper claimant under the Payment Bond, and has perfected its rights and entitlement to payment under the Payment Bond.

59. CAP has provided Defendants with ample notice and opportunity to pay all amounts due, yet Defendants have failed and refused to do so.

60. Accordingly, Defendants have unreasonably refused to fully resolve CAP's Payment Bond Claim and therefore breached the terms of the Payment Bond and the obligations under the Miller Act by failing to pay CAP all amounts due for supplying labor, materials, and equipment to the Project.

61. As a result of such nonpayment and breaches by Defendants, CAP has been damaged in the amount of $50,879.00.

62. CAP is therefore entitled to recover from Defendants, jointly and severally, under the Payment Bond and 40 U.S.C. § 3133 in the amount of $50,879.00, the precise amount to be proven at trial, plus interest on the amount due under the Payment Bond at the legal rate from the date the amount was due until the date the amount is paid, plus the costs of this action and attorneys' fees as permitted by law.

# PRAYER FOR RELIEF

1. That under Count I, CAP have and recover of Leebcor in the amount of $50,879.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law, including reasonable attorneys' fees;

2. In the alternative, that under Count II, CAP have and recover of Leebcor in the amount of $50,879.00, or such other amount as the evidence may show CAP to be entitled in *quantum meruit*, plus interest as allowed by law;

3. In the event that Leebcor violated The Prompt Payment Act, 31 U.S.C. §§ 3901, *et. seq.*, that CAP be granted judgment against Leebcor on Count III, and pursuant to The Prompt Payment Act, 31 U.S.C. §§ 3901, *et. seq.*, be awarded penalties and interest on the sums due and owing to CAP at such rates allowed by law from the eighth day after Leebcor received payment from USACE and failed to remit payment to CAP;

4. That under Count IV, CAP have and recover judgment against Defendants, jointly and severally, in the amount of $50,879.00, the precise amount to be proven at trial, together with pre-judgment and post-judgment interest at the legal rate and costs as allowed by law, including reasonable attorneys' fees;

5. That CAP be awarded post-judgment interest at the rate allowed by law;

6. That CAP be awarded reasonable attorneys' fees as followed by law;

7. That the costs of this action be taxed to the Defendants, jointly and severally;

8. That this case be tried by a jury; and

9. For such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 14th day of January, 2022.

By: **HAMILTON STEPHENS STEELE + MARTIN, PLLC**

By: /s/ Tracy T. James
Tracy T. James (N.C. Bar No. 34897)
525 North Tryon Street, Suite 1400
Charlotte, NC 28202
tjames@lawhssm.com
*Attorneys for Plaintiff*
*Carolina Architectural Products, Inc.*